IN THE CIRCUIT COURT OF SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

**NORAYMA MULLER-DAVILA,**

    Plaintiff,

vs.                                                         CASE NO.:

**CARE PLACEMENT HOME HEALTH
AGENCY, INC.**, a Florida corporation,

    Defendant.
_____/

## COMPLAINT

**COMES NOW,** Plaintiff, NORAYMA MULLER-DAVILA, by and through her undersigned counsel, and sues the Defendant, CARE PLACEMENT HOME HEALTH AGENCY, INC., a Florida corporation, and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $15,000.00 (Fifteen Thousand Dollars), exclusive of costs, interest, and attorney's fees.

2. Venue lies within Pinellas County because a substantial part of the events giving rise to this claim arose in this Judicial District.

### PARTIES

3. At all times material herein, Plaintiff, NORAYMA MULLER-DAVILA ("Muller-Davila" or "Plaintiff"), was and is resident of Pinellas County, Florida.

4. At all times material herein, Defendant, CARE PLACEMENT HOME HEALTH AGENCY, INC. ("Care Placement" or "Defendant"), was and is a Florida corporation, licensed and authorized to and doing business in Pinellas County, Florida.

5. Defendant is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent to bringing this action have occurred.

7. Plaintiff, NORAYMA MULLER-DAVILA, timely filed a charge of discrimination with the Equal Opportunity Employment Commission ("EEOC") and Florida Commission on Human Relations ("FCHR"). *(Attached as Exhibit "A")* A Right to Sue ("RTS") was issued October 31, 2016. *(Attached as Exhibit "B")*

8. More than 180 days have passed since the filing of said charge of discrimination.

## FACTUAL ALLEGATIONS

9. Plaintiff began her employment with the Defendant on or around July 7, 2014 as a Home Health Care Aide.

10. Plaintiff was paid by the hour, required to wear scrubs, and her schedule was set by the Defendant.

11. Plaintiff's supervisor, Julie (last name unknown), told Plaintiff that if she missed a scheduled shift, then Plaintiff would not be able to request days off.

12. If Plaintiff wished to take time off from work, she was required to provide two (2) days' notice.

13. On several occasions, Plaintiff's supervisor, Julie, denied her request for time off.

14. In or around July 2015, Plaintiff learned that she was pregnant and immediately informed her supervisor, Julie.

15. On or around August 12, 2015, Plaintiff received a text message from Julie instructing her not to visit her last two (2) patients of the week.

16. On or around August 13, 2015, Plaintiff received another text message from Julie

informing her that all her scheduled patient visits had been cancelled.

17. Plaintiff asked Julie if she had been terminated; she was told to expect a telephone call later that day.

18. Later that day, on August 15, 2015, Plaintiff's employment was effectively terminated when Nurse, Debbie (last name unknown), called Plaintiff and informed her that she was entirely being taken off the schedule due to Plaintiff's pregnancy and morning sickness. She was never placed back up the schedule.

19. Plaintiff had not experienced morning sickness nor had she missed any work due to her pregnancy.

20. Plaintiff has retained the undersigned counsel and has agreed to pay them a reasonable fee for their services.

## COUNT I
## FLORIDA CIVIL RIGHTS ACT ("FCRA") – PREGNANCY DISCRIMINATION

21. Plaintiff realleges and adopts the allegations stated in paragraphs 1 through 20 above, as if set out in full hereafter.

22. Plaintiff is a member of a protected class under the Florida Civil Rights Act ("FCRA"), Section 760.01, *et seq., Florida Statutes*.

23. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her pregnancy in violation of the FCRA.

24. Defendant knew, or should have known, of the discrimination.

25. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d.    Reinstatement;

    e.    Compensatory damages, including for emotional pain and suffering;

    f.    Injunctive relief;

    g.    Attorney's fees and costs; and

    h.    Such other relief this Court deems just and equitable.

**WHEREFORE**, Plaintiff, NORAYMA MULLER-DAVILA, demands a trial by trial and a judgment against Defendant, CARE PLACEMENT HOME HEALTH AGENCY, INC., in an amount within the jurisdictional limits of this Court, to wit: More than Fifteen Thousand ($15,000.00) Dollars, plus attorney's fees, costs, interest, and for such other relief to which the Plaintiff may be justly entitled.

## COUNT II
## TITLE VII – PREGNANCY DISCRIMINATION

26.    Plaintiff realleges and adopts the allegations stated in paragraphs 1 through 20 above, as if set out in full hereafter.

27.    Plaintiff is a member of a protected class under Title VII of the Civil Rights Act.

28.    By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her pregnancy in violation of Title VII of the Civil Rights Act.

29.    Defendant knew, or should have known, of the discrimination.

30.    As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Reinstatement;

  e. Compensatory damages, including for emotional pain and suffering;

  f. Injunctive relief;

  g. Attorney's fees and costs; and

  h. Such other relief this Court deems just and equitable.

**WHEREFORE**, Plaintiff, NORAYMA MULLER-DAVILA, demands a trial by trial and a judgment against Defendant, CARE PLACEMENT HOME HEALTH AGENCY, INC., in an amount within the jurisdictional limits of this Court, to wit: More than Fifteen Thousand ($15,000.00) Dollars, plus attorney's fees, costs, interest, and for such other relief to which the Plaintiff may be justly entitled.

### DEMAND FOR JURY TRIAL

31. Plaintiff demands a trial by jury on all issues so triable.

**DATED** this 26th day of January, 2017.

       **FLORIN ROEBIG, P.A.**

       */s/ Christopher D. Gray*
       **CHRISTOPHER D. GRAY, ESQUIRE**
       Florida Bar No.: 902004
       Primary: CDG@FlorinRoebig.com
       Secondary: debbie@FlorinRoebig.com
       **WOLFGANG M. FLORIN, ESQUIRE**
       Florida Bar No.: 907804
       WMF@FlorinRoebig.com
       **ROBIN M. OROSZ, ESQUIRE**
       Florida Bar No.: 724769
       ROrosz@FlorinRoebig.com
       777 Alderman Road
       Palm Harbor, Florida 34683
       Telephone (727) 786-5000
       Facsimile (727) 772-9833
       Attorneys for Plaintiff

EEOC Form 5 (9/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To:  Agency(ies) Charge No(s):
[X] FEPA
[X] EEOC   511-2016-00327

Florida Commission On Human Relations  and EEOC
_State or local Agency, if any_

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Norayma Muller-Davila | (727) 642-5254 | 9/27/1987 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1769 South MLK Jr. Ave. | Clearwater, FL 33756 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Care Placement Home Health Agency | 200+ | (727) 787-8677 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1215 12th Street | Palm Harbor, FL 34683 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| BK Twenty One Management | | |

| Street Address | City, State and ZIP Code |
|---|---|
| 6737 W. Washington St. | |

DISCRIMINATION BASED ON (Check appropriate box(es).)
[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[ ] RETALIATION  [ ] AGE  [ ] DISABILITY  [X] OTHER  Pregnancy

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 8/12/15   Latest: 8/13/15
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

PERSONAL HARM:
My name is Norayma Muller-Davila. I was employed as a home health care worker by BKD Twenty One Management d/b/a Care Placement Home Health Agency. In early July, 2015, I notified my employer that I was pregnant. On or around August 12, 2015, I received a text message instructing me not to visit my last two patients of the week. On August 13, 2015, I received another text message saying all of my scheduled patients had been cancelled. I asked if I had been fired and was told to expect a phone call later that day. Later that afternoon, Nurse Debbie (LNU), called and told me all of my scheduled patients were cancelled because of my morning sickness. I never had morning sickness. I never missed a day of work due to my pregnancy.

Respondent's Reason(s) for Adverse Action: I was told that they have to take me out because I am going to have morning sickness.

STATEMENT OF DISCRIMINATION:
I believe I was discriminated against because of my sex and pregnancy, in violation of Title VII of the Civil Rights Act of 1964 as amended, and Florida Statutes Chapter 760.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State and Local Agency Requirements

MARIA CALDERON
Notary Public - State of Florida
Commission # FF 113149

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

I declare under penalty of perjury that the above is true and correct.

Received OCT 29 2015

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)
10/20/2015

EXHIBIT A

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| **To:** Norayma Muller-Davila<br>1769 South Mlk Jr. Ave.<br>Clearwater, FL 33756 | **From:** Tampa Field Office<br>501 East Polk Street<br>Room 1000<br>Tampa, FL 33602 |

☐ On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 511-2016-00327 | Pedro A. Hernandez,<br>Investigator | (813) 202-7938 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (*briefly state*)

### - NOTICE OF SUIT RIGHTS -
(*See the additional information attached to this form.*)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred *more than 2 years (3 years)* before you file suit may not be collectible.

On behalf of the Commission

MICHAEL J. FARRELL,
Director

OCT 31 2016

(*Date Mailed*)

Enclosures(s)

cc: Elaine Hagan, Business Manager
Care Placement Home Health Agency
Post Office Box 956
Crystal Beach, FL 34681

Marc R. Edelman, Esq.
MORGAN & MORGAN, PA
201 N. Franklin St., Suite 700
Tampa, FL 33602



EXHIBIT B